

| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>www.usdoj.gov/usao/or | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Scott E. Bradford<br>Interim United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771 |
| **Adam Delph**<br>Assistant U.S. Attorney<br>Adam.delph@usdoj.gov<br>(541) 776-3564<br>*Reply to Eugene Office* | | **MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

July 29, 2025

Re:  *United States v. Kielan Fitzsimonds*, Case No. 6:25-CR-00275-MTK
     Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to count one of the Superseding Information, charging depredation of government property, in violation of 18 U.S.C. § 1361.

3.  **Penalties**: The maximum sentence is one year of imprisonment, a fine of $100,000, a five-year term of probation, and a one-year term of supervised release. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. After sentencing, the USAO will also dismiss defendant's pending citation before the Central Violations Bureau (violation #9557127, dated April 4, 2025). However, defendant admits that the conduct alleged in the citation constitutes relevant conduct for sentencing purposes. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Superseding Information, the parties agree the government could prove the following elements beyond a reasonable doubt:

    First, defendant willfully committed a depredation against property; and

Re: Fitzsimonds Plea Agreement Letter

Second, the property involved was property of the United States or of any department or agency thereof.

Defendant fully discussed the facts of this case and any potential defenses with defense counsel. Defendant committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

On or about June 8, ~~2024~~ 2025 MKM, in the District of Oregon, defendant willfully threw rocks at an unmarked government vehicle, parked in a delineated federal parking lot. One rock went through the back window and caused less than $1,000 worth of damage. Other rocks dented the roof and trunk of the vehicle.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree the following advisory guidelines apply to this case:

| | |
|---|---|
| Base offense level [§ 2B1.1(a)(2)] | 6 |
| Acceptance of Responsibility [§ 3E1.1] | -2 |
| **Total offense level** | **4** |

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Joint Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility as explained above, the parties will recommend that defendant be sentenced to three years' probation.

10. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant

Re: Fitzsimonds Plea Agreement Letter

agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Re: Fitzsimonds Plea Agreement Letter

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

Re: Fitzsimonds Plea Agreement Letter

16. **Deadline**: This plea offer expires if not accepted by August 8, 2025.

Sincerely,

SCOTT E. BRADFORD
Interim United States Attorney


_____
ADAM E. DELPH
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/4/2025                                    s/ Kielan Fitzsimonds
_____                          _____
Date                                        Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/4/2025                                    s/ Kurt David Hermansen
_____                          _____
Date                                        Attorney for Defendant